FILED
2022 JAN 20 PM 12:04
CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **ROBERT T.,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**KILOLO KIJAKAZI,**[1]<br>**Acting Commissioner of Social Security,**<br><br>    **Defendant.** | **MEMORANDUM DECISION<br>AND ORDER**<br><br><br><br>**Case No. 2:20-cv-00776-JCB**<br><br><br>**Magistrate Judge Jared C. Bennett** |

  Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties in this case have consented to Judge Jared C. Bennett conducting all proceedings, including entry of final judgment.[2] Before the court is Plaintiff Robert T.'s ("Plaintiff") appeal of Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act[3] and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.[4] After careful consideration of the written briefs and the complete record, the court concludes that oral

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Under Fed. R. Civ. P. 25(d), she has been substituted for Commissioner Andrew M. Saul as the Defendant in this action. ECF No. 21.

[2] ECF No. 11.

[3] 42 U.S.C. §§ 401-434.

[4] *Id*. §§ 1381-1383f.

argument is not necessary. Based upon the analysis set forth below, all of Plaintiff's arguments on appeal fail. Therefore, the Commissioner's decision in this case is affirmed.

## PROCEDURAL BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. On June 29, 2017, Plaintiff applied for DIB and SSI.[5] Plaintiff's applications were denied initially and upon reconsideration.[6] On August 2, 2019, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ").[7] The ALJ issued a written decision on October 23, 2019, denying Plaintiff's claims for DIB and SSI.[8] Plaintiff appealed the adverse ruling, and, on September 4, 2020, the Appeals Council denied his appeal,[9] making the ALJ's decision final for purposes of judicial review.[10] On November 3, 2020, Plaintiff filed his complaint in this case seeking review of the Commissioner's final decision.[11]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal

---

[5] ECF No. 17, Administrative Record ("AR ___") 222-36.

[6] AR 111-14.

[7] AR 37-82.

[8] AR 7-31.

[9] AR 1-6.

[10] 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

[11] ECF No. 2.

standards were applied."[12] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[13] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[14] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[15] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[16]

The aforementioned standards of review apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[17] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[18]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more

---

[12] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

[13] 42 U.S.C. § 405(g).

[14] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[15] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[16] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

[17] 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[18] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Williams*, 844 F.2d at 750.

than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[19]

At step three, the claimant must show that his or her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[20] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[21]

At the fourth step, the claimant must show, given his residual functional capacity ("RFC"), that his impairments prevent performance of his "past relevant work."[22] "If the claimant is able to perform his previous work, he is not disabled."[23] If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability."[24]

---

[19] *Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

[20] 20 C.F.R. §§ 404.1525(a), 416.925(a); *see also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

[21] *Williams*, 844 F.2d at 751.

[22] 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

[23] *Williams*, 844 F.2d at 751.

[24] *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step."[25] At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of his age, education, and work experience."[26] If the claimant "can make an adjustment to other work," he is not disabled.[27] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," he is disabled and entitled to benefits.[28]

## ANALYSIS

Plaintiff argues that the ALJ erred by failing to consider Plaintiff's diagnosis of traumatic brain injury ("TBI"): (I) at step two, (II) at step three, and (III) in assessing Plaintiff's RFC. The court addresses Plaintiff's arguments in turn below. Based upon the following analysis, Plaintiff's arguments fail. Therefore, the Commissioner's decision in this case is affirmed.

### I.    The ALJ Did Not Commit Reversible Error at Step Two.

Plaintiff argues that the ALJ erred at step two by failing to consider Plaintiff's diagnosis of TBI. Even if the court assumes that the ALJ erred in that regard, any such error is harmless because the ALJ determined that Plaintiff had other severe impairments, concluded that Plaintiff could not be denied benefits at step two, and proceeded to step three. "[A]t step two, the ALJ must consider the combined effect of all of [the claimant's] impairments without regard to

---

[25] *Id.*

[26] *Id.* (quotations and citation omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[27] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[28] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

5

whether any such impairment, if considered separately, would be of sufficient severity [to survive step two]."[29] The United States Court of Appeals for the Tenth Circuit has explained that any error committed in that consideration is rendered "harmless when the ALJ reache[s] the proper conclusion that [the claimant cannot] be denied benefits conclusively at step two and proceed[s] to the next step of the evaluation sequence."[30]

Here, the ALJ determined that Plaintiff suffered from several severe impairments.[31] Consequently, the ALJ concluded that Plaintiff could not be denied benefits at step two and proceeded to step three. Thus, even if the ALJ erred by failing to consider Plaintiff's diagnosis of TBI at step two, it was harmless. Therefore, Plaintiff's step-two argument fails.[32]

## II. Plaintiff's Step-Three Argument Fails as a Matter of Law.

In his step-three analysis, the ALJ considered sections 1.02, 1.04, and 12.05 of Appendix 1 of the relevant regulations (individually, "listing" or "listed impairment" and collectively,

---

[29] *Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (second and third alterations in original) (quotations and citations omitted).

[30] *Id.*; *see also Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) ("[T]he failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe.").

[31] AR 13.

[32] Plaintiff attempts to distinguish his case from *Allman* based upon a dissimilarity in facts. That attempt fails because the *Allman* court did not limit its holding to the facts of that case but, instead, specifically stated that the plaintiff's argument that the ALJ erred by failing to find an additional severe impairment at step two "fail[ed] as a matter of law." *Allman*, 813 F.3d at 1330. Moreover, the Tenth Circuit has repeatedly reached the same conclusion under various factual scenarios. *See, e.g.*, *Deardorff v. Comm'r, SSA*, 762 F. App'x 484, 486 (10th Cir. 2019); *Shelton v. Colvin*, 663 F. App'x 690, 693 (10th Cir. 2016); *Smith v. Colvin*, 821 F.3d 1264, 1267 (10th Cir. 2016); *Fulton v. Colvin*, 631 F. App'x 498, 501 (10th Cir. 2015); *Carpenter*, 537 F.3d at 1266; *Hill v. Astrue*, 289 F. App'x 289, 292 (10th Cir. 2008); *Oldham v. Astrue*, 509 F.3d 1254, 1256 (10th Cir. 2007).

6

"listings" or "listed impairments").[33] Plaintiff argues that the ALJ erred at step three by failing to consider Plaintiff's diagnosis of TBI under listing 11.18, which specifically covers TBI. However, Plaintiff fails to demonstrate that he satisfies all the requirements of listing 11.18, which dooms his argument as a matter of law.

As noted above, the listings describe impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[34] A claimant bears the "burden to present evidence establishing [his] impairments meet or equal listed impairments."[35] To satisfy that burden, a claimant is required to establish that his or her impairments "meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify."[36]

Listing 11.18 requires a claimant to demonstrate:

> A. Disorganization of motor function in two extremities . . . , resulting in an extreme limitation . . . in the ability to stand up from a seated position, balance while standing or walking, or use the upper extremities, persisting for at least 3 consecutive months after the injury; or
>
> B. Marked limitation . . . in physical functioning . . . , and in one of the following areas of mental functioning, persisting for at least 3 consecutive months after the injury:

---

[33] 20 C.F.R. § 404, Subpart P, Appendix 1.

[34] 20 C.F.R. §§ 404.1525(a), 416.925(a).

[35] *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005).

[36] *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original); *see also Lax,* 489 F.3d at 1085 ("To show that an impairment or combination of impairments meets the requirements of a listing, a claimant must provide specific medical findings that support each of the various requisite criteria for the impairment.").

    1. Understanding, remembering, or applying information . . . ; or

    2. Interacting with others . . . ; or

    3. Concentrating, persisting, or maintaining pace . . . ; or

    4. Adapting or managing oneself . . . .[37]

Plaintiff fails to cite any evidence in the record showing that he meets any of those requirements. For that reason, Plaintiff's step-three argument fails as a matter of law.[38]

## III. The ALJ Did Not Err in Assessing Plaintiff's RFC.

Plaintiff argues that the ALJ erred by failing to discuss Plaintiff's diagnosis of TBI in the RFC assessment. Plaintiff's argument fails for three reasons.

First, the function of an ALJ in Social Security disability cases is not to determine how many medically recognized diseases or conditions from which a claimant suffers. Instead, the ALJ must determine the physical and/or mental limitations from which the claimant suffers regardless of which medically named diseases or conditions exist in the claimant's medical record. Indeed, if an ALJ fails to mention the name of a medically named disease or condition from which a claimant suffers but addresses all of the physical or mental limitations from which

---

[37] 20 C.F.R. § 404, Subpart P, Appendix 1, listing 11.18.

[38] *Aslan v. Colvin*, 637 F. App'x 509, 509-10 (10th Cir. 2016) (holding that the plaintiff could not "prevail at step three as a matter of law" because he "fail[ed] to direct [the court's] attention to any medical records confirming" and "fail[ed] to cite to any medical records showing" that he satisfied all the requirements of the relevant listings); *Duncan v. Colvin*, 608 F. App'x 566, 576 (10th Cir. 2015) ("Because [the plaintiff] has not satisfied all of the Listing's criteria, she cannot prevail at step three as a matter of law."); *Wilson v. Saul*, No. 19-CV-03485-MEH, 2021 WL 457991, at *9 (D. Colo. Feb. 9, 2021) (concluding that when the plaintiff did "not direct the Court to any evidence to support his view that he met the listing requirements," the plaintiff's step-three argument failed "as a matter of law").

the claimant suffers as a result of that medically named disease or condition, the ALJ will not run afoul of the Commissioner's regulations or the law. This is precisely the point that Plaintiff's argument misses here because although Plaintiff correctly points out the ALJ's failure to mention TBI in his decision, Plaintiff fails to point to any functional limitations that the ALJ omitted in the RFC assessment that are attributable to Plaintiff's diagnosis of the medically named condition called TBI. Instead, Plaintiff simply contends that the ALJ erred by failing to mention Plaintiff's diagnosis of TBI in the RFC assessment. Because the ALJ's job is not a medical name game but a search for physical and mental limitations from whatever medically named conditions may affect a claimant, the ALJ did not err in his RFC assessment.[39]

Second, but relatedly, a simple diagnosis of a medically named condition, which is what Plaintiff points to here, does not require an ALJ to include corresponding limitations for that diagnosis in an RFC assessment unless evidence unique to that claimant appears in the record

---

[39] *McAnally v. Astrue*, 241 F. App'x 515, 518 (10th Cir. 2007) (agreeing with the lower court's conclusion that the plaintiff had shown no error in the ALJ's RFC assessment because the plaintiff had "not identif[ied] any functional limitations that should have been included in the RFC [assessment] or discuss any evidence that would support the inclusion of any limitations" (second alteration in original) (quotations and citation omitted)); *Speaker v. Comm'r, Soc. Sec. Admin.*, No. 1:19-CV-01504-RM, 2020 WL 1138508, at *2 (D. Colo. Mar. 9, 2020) ("Plaintiff's contention that the ALJ erred by failing to consider these impairments in determining her RFC is unavailing because she has not identified any specific limitations associated with these impairments that the ALJ should have considered but did not."); *Prevost v. Colvin*, No. CIV-15-1393-STE, 2016 WL 6459807, at *3 (W.D. Okla. Oct. 31, 2016) (stating that the plaintiff "ha[d] not met his burden to establish error in the RFC" because he failed to "identify any specific work-related limitations stemming from" the alleged impairments or "point to any evidence in the record supporting his claim"); *Haynes v. Astrue*, No. CIV-07-1201-HE, 2008 WL 2944935, at *2 (W.D. Okla. July 24, 2008) (rejecting the plaintiff's challenge to the ALJ's RFC assessment because the plaintiff had "not identified any functional limitations caused by the alleged impairments which would impede her ability to work").

showing that the claimant suffers from that limitation.[40] Thus, without more than a diagnosis of TBI, the ALJ was not required to include any limitations for Plaintiff's TBI in the RFC assessment other than the limitations unique to Plaintiff that appear in the record.

Finally, Plaintiff fails to show how the ALJ's mental limitations in the RFC assessment do not account for Plaintiff's diagnosis of TBI. The ALJ found that Plaintiff had the severe impairment of borderline intellectual functioning[41] and, consequently, limited Plaintiff to simple, unskilled work.[42] Those limitations appear to account for any possible limitations from Plaintiff's TBI diagnosis. Because Plaintiff does not provide any explanation on that issue, his argument that the ALJ erred in the RFC assessment fails for that additional reason.[43]

---

[40] *Paulsen v. Colvin*, 665 F. App'x 660, 666 (10th Cir. 2016) ("The mere diagnosis of a condition does not establish its severity or any resulting work limitations."); *Fulton*, 631 F. App'x at 501 (concluding that "diagnoses by themselves are not significantly probative evidence the ALJ had to reject in order to find [the plaintiff] was not disabled, and therefore the ALJ did not need to discuss them").

[41] AR 13.

[42] AR 17-24.

[43] *Kirkpatrick v. Colvin*, 663 F. App'x 646, 649 (10th Cir. 2016) (rejecting the plaintiff's argument that the ALJ erred by omitting certain limitations from the RFC assessment because the plaintiff didn't "explain how [the ALJ's] restrictions fail to account for his [alleged limitations]," and noting that it was not the court's "obligation to search the record and construct a party's arguments"); *Bevel v. Saul*, No. CIV-18-1172-STE, 2019 WL 4738275, at *9 (W.D. Okla. Sept. 27, 2019) (rejecting the plaintiff's argument that the ALJ erred in the RFC assessment by failing to include certain limitations because the plaintiff had "not supported these allegations with any evidence in the record, nor identified in the record *any* work-related functional limitation necessitated by these conditions that exceeds the limitations reflected in RFC" (emphasis in original) (citing *Kirkpatrick*, 663 F. App'x at 649)).

## CONCLUSION AND ORDER

As demonstrated above, all of Plaintiff's arguments on appeal fail. Therefore, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED this 20th day of January 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge